IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
NATHANIEL JOHNSON, on behalf   )
of himself and all others      )
similarly situated,            )
                               )
               Plaintiff,      )        8:09CV336
                               )
     v.                        )
                               )
LAW OFFICES OF BRACHFELD &     )        FINAL APPROVAL ORDER
ASSOCIATES, LVNV Funding, LLC, )
ALEGIS GROUP, LLC, and         )
RESURGENT CAPITAL SERVICES,    )
LP,                            )
                               )
               Defendants.     )
_____)
```

I.   On July 13, 2010 (Filing No. 84), this Court preliminarily approved the Class Settlement Agreement ("Agreement") reached between Plaintiff Nathaniel Johnson ("Johnson"), and Defendant Law Offices of Brachfeld & Associates ("Brachfeld") and LVNV Funding, LLC, Alegis Group, LLC, and Resurgent Capital Services, LP ("Resurgent Defendants"). The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first-class mail to approximately **60** class members (counting couples and other joint persons as a single class member; notices were not sent to the named Plaintiffs). A total of 9 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available. No (zero) class members requested exclusion. No (zero) objections were filed or received. No (zero) class members opted out of the settlement class.

II. On October 15, 2010, the Court held a fairness hearing to which class members, including any with objections, were invited. The Court, being fully advised in the premises, hereby orders:

> 1. The Court finds that the provisions for notice to the class satisfy the requirements of Fed.R.Civ.P. 23 and due process.
>
> 2. The Court finds that the settlement is fair and reasonable, and hereby approves the Agreement submitted by the parties, including the release and the following terms:
>
>> a. That Brachfeld has ceased to send letters in the form of Exhibit A to the Amended Complaint and will not send such letters in the future;
>>
>> b. That Brachfeld shall pay $1,000.00 to Johnson for statutory damages under the FDCPA and the NCPA;
>>
>> c. That Brachfeld shall pay $3,000.00 to Johnson by reason of his status as class representative;
>>
>> d. That Brachfeld shall pay $225.00 to each class member, including Johnson, who does not opt out. The checks shall be void 60 days after issuance. Any uncashed or unclaimed funds shall be distributed equally to the National Consumer Law Center and National Association of Consumer Advocates for use in consumer representation and advocacy within 14 days after the void date as a cy pres;
>>
>> e. Defendants shall credit each class member who does not opt out

>10% of the debt allegedly owed by each class member as of May 10, 2010, in connection with which debt the class member received a letter from Defendant Brachfeld substantively similar to that letter attached as Exhibit A to the Complaint, allegedly failing to identify the current owner of the debt to which the letter referred. The total amount of such alleged debt on that date was $115,718.81;
>
>f.  Brachfeld shall reimburse Plaintiff's counsel up to $1,000.00 for the expense of class administration;
>
>g. The parties have agreed that Brachfeld shall pay Plaintiff's attorney's fees and costs in the aggregate amount of $40,465.00, consisting of $40,000.00 in fees and $465.00 in costs.

3. Except for item 2(g) the above funds shall be paid by check within 14 days of the Effective Date.  Any undistributed funds shall be distributed to Class Counsel for distribution to the National Consumer Law Center and National Association of Consumer Advocates.  For use in consumer representation and advocacy;

4.  Plaintiff and the members of the class grant Brachfeld and Resurgent Defendants the following release:

>Plaintiff and each class member, their assigns, heirs, successors, and personal representatives not opting out as of the Effective Date of the Agreement, release and forever discharge Law Offices of Brachfeld & Associates ("Brachfeld") and LVNV Funding, LLC, Alegis Group, LLC, and Resurgent Capital Services, LP ("Resurgent Defendants") and their

>past, present and future parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, known or unknown, that were made or which could have been made by Johnson on behalf of herself or himself or on behalf of the above-defined Class in the Litigation, in law or in equity, for anything of any kind or nature whatsoever, that occurred from the beginning of time up through and including the date of this Order.

5. The Court finds the Agreement reasonable, fair, and adequate and made in good faith.

6. The Court dismisses the claims of Johnson and the class against Brachfeld and Resurgent Defendants and the Released Parties with prejudice and without costs (other than what has been provided for in the Settlement Agreement).

7. The Court awards aggregate attorney's fees and costs of $40,465.00 collectively to Pamela A. Car and William L. Reinbrecht, of Car & Reinbrecht, P.C., L.L.O., 8720 Frederick Street, Suite 105, Omaha, Nebraska 68124 and O. Randolph Bragg, of Horwitz, Horwitz & Associates, 25 E. Washington Street, Suite 900, Chicago, Illinois 60602.

8. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order.

DATED this 15th day of October, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
Lyle E. Strom, Senior Judge
United States District Court